UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:24-cv-07027-AB-RAO | Date: | October 22, 2024 |
|---|---|---|---|

| Title: | *Rolando Cruz v. Wireless Vision Holdings LLC et al* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Daniel Tamayo | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**    **[In Chambers] ORDER GRANTING MOTION FOR REMAND [Dkt. No. 10]**

Before the Court is Plaintiff Rolando Cruz's ("Plaintiff") Motion for Remand ("Motion," Dkt. No. 10). Defendant Wireless Vision ("Defendant") filed an opposition and Plaintiff filed a reply. The Court will resolve the Motion without oral argument and therefore **VACATES** the hearing set for October 25, 2024. See Fed. R. Civ. P. 78, C.D. Cal. L.R. 7-15. The Motion is **GRANTED**.

## I.  BACKGROUND

Plaintiff filed this putative class action in state court, alleging seven claims for violations of the California Labor Code, a claim for violation of Cal. Bus. & Prof. Code § 17200, and a claim under the Private Attorneys General Act. *See* Compl. (Dkt. No. 1-1). Defendant removed, invoking the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2). Plaintiff now moves for remand, arguing that Defendant did not establish by a preponderance of the evidence that the

amount in controversy exceeds $5 million.[1]

## II.   LEGAL STANDARD

A defendant may remove a civil action filed in state court to federal court when the federal district court has original jurisdiction over the action. 28 U.S.C. § 1441(a).   "A suit may be removed to federal court under 28 U.S.C. § 1441(a) only if it could have been brought there originally." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987). The burden of establishing federal jurisdiction is on the party invoking it.

The Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), vests federal district courts with original jurisdiction over class actions in which (1) the parties are minimally diverse, (2) the proposed class has more than 100 members, and (3) the total amount in controversy exceeds $5 million. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020–21 (9th Cir. 2007).

A removing defendant bears the burden of establishing federal jurisdiction. *See Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). To meet this burden as to the amount in controversy, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014) (citing 28 U.S.C. § 1446(c)(2)(B)).

Only "when the plaintiff contests, or the court questions, the defendant's allegation" must the defendant submit evidence to establish the amount in controversy by a preponderance of the evidence. *Id.* at 89 (citing 28 U.S.C. § 1446(c)(2)(B)); *see Ibarra*, 775 F.3d at 1195. The Court should "treat the removal petition as if it had been amended to include the relevant information contained in the later-filed affidavits." *Willingham v. Morgan*, 395 U.S. 402, 407 n. 3 (1969); *see also Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) ("The district court did not err in construing Petsmart's opposition as an amendment to its notice of removal.").

The plaintiff may submit evidence to the contrary. *Ibarra*, 775 F.3d at 1198

---

[1] Plaintiff's Memorandum (Dkt. No. 10-1) apparently suffered some technical issues when filed, resulting in some missing text, mostly where Plaintiff bolded the text. However, the Court was able to glean the central arguments and rule on the Motion without requiring Plaintiff to file a corrected memorandum.

(citing *Dart Cherokee*, 574 U.S. at 89). "The parties may submit evidence outside the complaint, including affidavits or declarations, or other 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.' " *Id.* at 1197 (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). Once "both sides submit proof [] the court then decides where the preponderance lies." *Ibarra*, 775 F.3d at 1198. "Under this system, a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Id.* at 1197.

### III.   DISCUSSION

With its Notice of Removal ("NOR," Dkt. No. 1), Defendant filed declarations estimating, based on its records, the number of employees in the classes, the numbers of work weeks in issue, average hourly rates, and other data necessary to calculate the amounts in controversy. Defendant contends that Plaintiff's allegations that it has a policy and practice of violating California law justify assuming the following violation rates: one unpaid hour of overtime per week; 20% meal period violation rate; 20% rest period violation rate; and 100% waiting time penalty violation rate. Defendant characterizes the first three rates as conservative. Using these data and these assumed violation rates, Defendant estimates that four of Plaintiff's claims put the following amounts in controversy:

| Claim | Estimated Exposure |
|---|---:|
| Overtime Claim | $297,524.70 |
| Meal Period Claim | $458,861.83 |
| Rest Break Claim | $592,401.13 |
| Waiting Time Penalty Claim | $4,642,092 |
| **Total** | **$5,990,879.66** |

Defendant's NOR estimated that Plaintiff's claim for attorneys' fees put in issue 25% of this amount, that is $1,497,719.92. Defendant did not include attorneys' fees in its opposition to the Motion, but the Court will consider them.

Plaintiff attacks Defendant's estimates on several grounds. The Court accepts that Defendant's underlying employment data is sufficiently accurate and assumes, without deciding, that Defendant's proposed violation rates for the overtime claim (1 violation/week) and meal period and rest break claims (20% violation rate) are reasonable.

However, for Plaintiff's waiting time penalty claim, Defendant's assumption of a 100% violation rate and a maximum 30-pay penalty is insufficiently supported. Defendant does not adequately support its use of a 100% violation rate for this claim. Defendant asserts that several underlying claims could give rise to a waiting time penalty claim, but doesn't specifically identify them. And that this would result in a 100% violation rate is speculative. Cal. Labor Code § 203 provides that an employer that wilfully fails to pay an employee wages due at the end of their employment must continue to pay the "wages of the employee . . . from the due date thereof at the same rate until paid. . . but the wages shall not continue for more than 30 days." Cal. Labor Code § 203. Defendant assumed a maximum 30-day penalty for all class members, without adequate explanation. The waiting time penalty claim accounts for more than 77% of Defendant's estimate of the amount in controversy (excluding the derivative attorneys' fee estimate), yet Defendant does not adequately tether the 100% violation rate or maximum 30-day penalty to allegations in the Complaint or support it with evidence. Thus, Defendant's assumptions are not adequately supported, so its $4,642,092 estimate is not a reliable figure to include in the amount in controversy. *See Garibay v. Archstone Communities LLC*, 539 Fed.Appx. 763, 764 (9th Cir. 2013) (affirming remand where defendant "assumes that each employee would be entitled to the maximum statutory penalty [under § 203], but provides no evidence supporting that assertion," so defendant did not establish CAFA's $5 million amount in controversy by a preponderance of the evidence).

Entirely disregarding the $4.6 million attributed to the § 203 claim, the amount in controversy is plainly not satisfied. But even if waiting time penalties accrued for half of the maximum duration—15 days—or for 50% of the class, that would reduce the amount in controversy for this claim by half, that is by $2,321,026, to $3,669,834. A 25% attorneys' fee recovery would add another $917,458 to the amount, for a total of $4,587,292, which remains below $5 million.

The Court therefore concludes that Defendant has not met its burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $5 million. Therefore, Defendant has not established that this Court may exercise subject matter jurisdiction under CAFA, and the Court concludes it lacks jurisdiction. 28 U.S.C. § 1447(d). Plaintiff's Motion for Remand is **GRANTED**.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Remand is **GRANTED**. The Clerk's Office is **ORDERED** to remand this action to the court from which it was removed.

**IT IS SO ORDERED**.